# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEUROLOGICAL SURGERY ASSOCIATES P.A. a/s/o DAWN OSTRANDER,<br><br>Plaintiff(s),<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY; LABORERS LOCAL 754 JOINT BENEFIT FUNDS; ABC CORP. (1-10)(Said names being fictitious and unknown entities),<br><br>Defendant(s). | Civil Action No.: |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Aetna Life Insurance Company ("Aetna"), by its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 in the Office of the Clerk of the United States District Court for the District of New Jersey, for removal of the above-captioned litigation from the Superior Court of New Jersey, Passaic County, Law Division, Docket No.: PAS-L-3173-12 where it is now pending to the United States District Court for the District of New Jersey.

### INTRODUCTION

1. This action was brought against Aetna by Plaintiff Neurological Surgery Associates, P.A., as the assignee of Dawn Ostrander, to recover benefits for services rendered by Plaintiff to patient Dawn Ostrander on or about April 8, 2011 and April 18, 2011. Dawn Ostrander received health care benefits through a self-funded employee health benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.

1

2770309-01

("ERISA") and administered by Aetna. Among other things, Aetna provides health care benefits and administrative services for beneficiaries of employer benefit plans governed by ERISA. Because Plaintiff seeks to recover benefits due under a self-funded ERISA-governed health benefit plan, this Court may exercise removal jurisdiction over the action.

## PARTIES

2. Plaintiff Neurological Surgery Associates is a medical services practice specializing in spinal surgery, having an office located at 975 Clifton Avenue, Clifton, NJ 07013 (Complaint, ¶ 1).

3. Defendant Aetna Life Insurance Company ("Aetna") is corporation authorized to do business in the State of New Jersey. Aetna, among other things, acts as a third party administrator for self-funded employee benefit plans governed by ERISA.

## PROCEEDINGS TO DATE

**A. Plaintiff's Complaint**

4. On July 31, 2012, Plaintiff filed a complaint styled <u>Neurological Surgery Associates a/s/o Dawn Ostrander. v. Aetna Life Insurance Company, Laborers Local 754 Joint Benefit Funds, and ABC Corp. (1-10)</u>, Docket No.: PAS-L-3173-12 in the New Jersey State Court, Law Division, Passaic County. (A copy of Plaintiff's Complaint is attached hereto as Exhibit "A").

5. On or after August 9, 2012, Plaintiff issued a Summons. (A copy of the Summons is attached hereto as Exhibit "B.")

6. The complaint filed by Plaintiff seeks to recover benefits for services rendered to Dawn Ostrander on April 8, 2011 and April 18, 2011, pursuant to a self-funded employee benefit plan governed by ERISA and is a claim for benefits within the meaning of Section 502(a) of ERISA, 29 U.S.C. § 1132(a).

7. The complaint specifically alleges violations of ERISA and asserts that Plaintiff is entitled to recover benefits due under ERISA pursuant to a purported assignment of benefits.

## TIMELINESS

8. On or about September 10, 2012, Aetna first received a copy of the Complaint.

9. Aetna timely filed this Notice of Removal within thirty (30) days of its receipt of the Summons and Complaint as required by 28 U.S.C. §1446(b).

10. Defendant Laborers Local 754 Joint Benefit Funds consents to the removal of this action.

## GROUNDS FOR REMOVAL

11. Plaintiff, as a purported assignee of a plan beneficiary, seeks to recover benefits from Aetna under the terms of a self-funded employee benefit plan governed by ERISA, for services allegedly rendered in April of 2011 in the amount of $505,742.55.

12. Plaintiff does not allege that it has any contract or other agreement with Aetna.

13. Because Plaintiff seeks payment of benefits under a self-funded ERISA plan, it may only bring its claim under this self-funded employee benefit plan as a claim for benefits under Section 502(a) of ERISA, 29 U.S.C. § 1132(a). Any state law claim for benefits relating to Dawn Ostrander is completely preempted. Holliday, 498 U.S. at 60, 111 S. Ct. at 409.

14. Plaintiff's claim for benefits, as a matter of federal law, is governed by the terms and conditions of ERISA and therefore falls within the ambit of this Court's original federal question jurisdiction. See Egelhoff v. Egelhoff, 532 U.S. 141, 147-48 (2001)(terms and conditions of payment and administration of payment are, as a matter of federal law, governed exclusively by ERISA plans.)

15. It is well-settled that the "carefully integrated civil enforcement provisions" in ERISA Section 502 were "intended to be exclusive." Pilot Life Ins. Co. v. Dedeaux, 481 U.S.

41, 54 (1987)(internal quotation marks omitted). Indeed the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). The U.S. Supreme Court accordingly has instructed that any state-law claims that seek to collect benefits under the terms of ERISA plans must be recharacterized as benefits claims under Section 502(a) of ERISA, and that such claims give rise to removal jurisdiction no matter how Plaintiff characterizes those claims. Id., at 65 (preemptive force of ERISA operates to "convert[]" ordinary state-law claims into federal claims for purposes of the well-pleaded complaint rule); Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 678 (3d Cir. 2000), cert. denied, 531 U.S. 927 (2000)("[c]omplete preemption is an exception to the well-pleaded complaint rule" and "does not depend on any type of relief requested in the complaint"); Parrino v. FHP, Inc., 146 F.3d 699, 704 (9th Cir. 1998)(complete preemption doctrine empowers courts to "look beyond the face of the complaint").

16. The present lawsuit is removable from state court to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1331 and § 1441(a), (b) and (c).

## VENUE

17. Plaintiff's action is pending in the Superior Court of New Jersey, Law Division, Passaic County, New Jersey, which is within this judicial district. See 28 U.S.C. § 110. This Court is thus the proper venue for removal under 28 U.S.C. §§ 1441(a) & 1445(a).

## NOTICE

18. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff. (A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Passaic County, Law Division in the form attached hereto as Exhibit "C").

## SUPPLEMENTAL JURISDICTION

19.     To the extent that any of Plaintiff's claims do not relate to the denial of benefits under ERISA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367 and 1441(c).

## CONCLUSION

For the foregoing reasons, Defendant Aetna Life Insurance Company, respectfully demands that this action, previously pending in the Superior Court of New Jersey, Law Division, Passaic County, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
(856) 317-7100

*Attorneys for Defendant*
*Aetna Life Insurance Company*

BY: _____
Edward S. Wardell, Esquire
Matthew A. Baker, Esquire

DATE:    September 9, 2012

2770309-01

## CERTIFICATE OF SERVICE

I, Randi Vuich, of full age, hereby certify that the original of the within Notice of Removal has been filed with the Clerk, United States District Court for the District of New Jersey, via electronic filing, and that a copy of the within pleading has been served this date, via email and first class delivery, postage prepaid, upon:

Andrew Bronsnick, Esq.
Massood & Bronsnick, LLC
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
*Attorneys for Plaintiff*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

_____
Randi Vuich