UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Neurological Surgery Asso. PA.,**                   :       CIVIL 2:12-CV-5600 (SRC-CLW)

                                                      :       ARB:[No]
                    **Plaintiff,**   :
        v.                                            :       ORDER FOR SCHEDULING
                                                      :       CONFERENCE
                                                      :

**Aetna Life Insurance Co.,**
                                                      :
                    **Defendant.**   :
-------------------------------------------------------

To: All Counsel

IT IS on this 25th Day of October, 2012;

ORDERED, pursuant to Fed. R. Civ. P. 16, that a scheduling conference be held before the Honorable Cathy L. Waldor, on 12/7/2012 at 1:30 PM in Courtroom 4C at the United States Courthouse, Newark, New Jersey, and it is further

ORDERED THAT (1) Prior to the above conference, all counsel, including individuals who are appearing on his/her own behalf (or "Pro Se"), confer to agree on a joint discovery plan. SEE LOCAL CIVIL RULE 26.1(b); (2) Not later than seven (7) days prior to the above conference, the joint discovery plan, and any disputes regarding it be submitted to the undersigned. SEE LOCAL CIVIL RULE 26.1(b); This joint discovery plan should NOT be electronically filed; (3) At the above conference, all parties who are not appearing *pro se* be represented by counsel who shall have full authority to bind their clients in all pretrial matters. SEE LOCAL CIVIL RULE 16.1(a); (4) Plaintiff(s) notify

any party who hereafter enters an appearance of the above conference and forward to that party a copy hereof; (5)  The parties are to advise the Honorable <u>Cathy L. Waldor</u> immediately if this action has been settled or terminated so that the above conference may be cancelled.

Finally, counsel and litigants are advised that, pursuant to Fed. R. Civ. P. 26, 30 and 33 early disclosure requirements and limitations on depositions/interrogatories will be enforced.  Therefore, pursuant to the early disclosure requirements, counsel shall exchange the following information without formal discovery requests:

   (i) identities of individuals with knowledge of disputed facts;

   (ii) documents and things in the possession of counsel or the parties regarding the disputed issues;

   (iii) insurance agreements in force; and

   (iv) statement of the basis for any damages claimed;

and it is further

ORDERED that the meeting of parties required by Fed. R. Civ. P. 26(f) shall take place fourteen (14) days prior to the date of the initial conference;  and it is further

ORDERED that upon the entry of appearance of any new and/or additional counsel subsequent to the date of this Order, plaintiff's counsel shall send a copy of this Scheduling Order to the newly appearing attorneys(s), but on any third party claim, the counsel for the third party plaintiff shall send a copy of this Order to the newly entering counsel for third party defendant(s); and it is further

ORDERED that all parties shall confer to agree and submit a JOINT DISCOVERY PLAN to the Judge no less than seven (7) days prior to the above-stated conference date,

as required by Local Civil Rule 26.1(b) of this Court.  The conference date should appear on the caption of the Joint Discovery Plan, which shall include at a minimum, the following items: (1) a brief factual statement of the claims or defenses in the action, as well as a brief statement of the legal issues in the case; (2) a description of all discovery conducted by the parties to date; (3) a description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties suggested resolution of the problems; (4) a description of the parties further discovery needs; (5) the parties estimate of the time needed to complete discovery; (6) a statement regarding whether expert testimony will be necessary, and the parties anticipated schedule for retention of experts and submission of their reports; (7) a statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reasons the limitation is sought; (8) a description of any special discovery needs of the parties (e.g., videotape, telephone depositions, or problems with out-of-state witnesses or documents, or discovery of) digital information. (See, L. Civ. R. 26(d)).

      Sanctions may be imposed pursuant to Fed. R. Civ. P. 16(f) if counsel or an individual unrepresented by counsel either fails to appear at the conference or appears unprepared.  Each litigant attending the conference shall be fully familiar with the file, and have full authority to bind their clients in all pretrial matters.

    /s/ Cathy L. Waldor
CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE

*****************************************************************************