Thomas Vecchio, Esquire (042192004)
Olivia Cleaver, Esquire (025532005)
CONNELL FOLEY, LLP
Liberty View Building
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002
Tel.: (856) 317-7100
Fax.: (856) 317-7117

*Attorneys for Defendant Aetna Life Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEUROLOGICAL SURGERY ASSOCIATES on assignment of D.O.,<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 2:12-cv-5600 (SRC-CLW)<br><br>**DEFENDANT AETNA LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(c)** |

**INTRODUCTION**

Defendant Aetna Life Insurance Company ("Aetna") hereby moves for summary judgment on all claims brought by Plaintiff Neurological Surgery Associates pursuant to Federal Rule of Civil Procedure 56 (c). Plaintiff brought this action seeking an increased reimbursement amount for services rendered to D.O., who received benefits from Aetna under the terms of a health benefit plan governed by the Employee Retirement Securities Act of 1974 ("ERISA").

Aetna seeks summary judgment because the evidence shows that: 1) Plaintiff lacks standing to pursue contract and ERISA claims against Aetna, as it has no contract with Aetna and its alleged assignment of benefits is invalid; 2) Plaintiff either failed to exhaust all

administrative remedies available or failed to timely appeal the initial claim decision; and 3) the remaining state law claims are pre-empted by ERISA. Accordingly, Aetna hereby moves for summary judgment pursuant to Fed. R. Civ. P. 56(c).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. Parties

Plaintiff Neurological Surgery Associates is a medical services practice specializing in spinal surgery, having an office located at 975 Clifton Avenue, Clifton, NJ 07013. *See* Complaint, ¶1, attached hereto as Exhibit A. It is an out-of-network provider and has no contract with Aetna; rather it brings this action as the alleged assignee of benefits from D.O. *See* Complaint, ¶¶7, 24, 25.

Defendant Aetna Life Insurance Company ("Aetna") is a corporation authorized to do business in the State of New Jersey. Aetna, among other things, is the insurer of employee benefit plans governed by ERISA.

### B. Procedural History

Plaintiff filed its Complaint in Passaic County on July 31, 2012. (Docket No.: PAS-L-3173-12). *See* Exhibit A. Therein, Plaintiff alleges that it is due an increased reimbursement in the amount of $507,147.00 for services rendered to D.O. *See* Exhibit A, ¶ 12-14. Since the Complaint filed by Plaintiff seeks to recover benefits for services rendered pursuant to a health benefit plan governed by ERISA and is a claim for benefits within the meaning of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), Aetna removed the matter to this Court on September 9, 2012. Aetna filed its Answer on October 24, 2012. *See* Answer attached hereto as Exhibit B.

### C. The Plan Pursuant to Which Plaintiff Seeks Benefits Contains a Valid and Enforceable Anti-Assignment Provision

Aetna's benefit plan in question contains a clear provision restricting assignments, which reads: "Coverage may be assigned only with the written consent of Aetna.  To the extent allowed by law, Aetna will not accept an assignment to an out of network provider, including but not limited to, an assignment of: The benefits due under this group insurance policy… [or] the right to receive payments due under this group insurance policy …" *See* Aetna Benefit Plan, p. 64, attached hereto as Exhibit C (referred to as "the Plan" throughout).  The anti-assignment provision contained in the Plan is valid and enforceable, and prohibits the assignment of benefits to non-participating providers, like Neurological Surgery Associates.  *See Briglia v. Horizon Healthcare Services, Inc.*, 2005 WL 1140687, *1 & *2 (D.N.J. May 13, 2005); *and See Somerset Orthopedic Assoc., P.A. v. Horizon Blue Cross Blue Shield of New Jersey*, 345 N.J. Super. 410, 413-15 (App. Div. 2001).

### D. Plaintiff's Complaint for Additional Benefit Payments Despite Its Lack of a Valid Assignment

Based upon its alleged assignment, Plaintiff alleges ERISA claims of Failure to Make Payments under the Plan and Breach of Fiduciary Duty on D.O.'s behalf.  According to the claims forms produced by the Plaintiff, Neurological Surgery Associates provided medical care to D.O. on or about April 8, 2011.  *See* Claims Forms, produced by Plaintiff in discovery, bates labeled CIF000004-000010, and attached hereto as Exhibit D.  The claims were submitted to Aetna by two providers, Dr. Cifelli and a physician's assistant, Sarah Bodie, at Plaintiff's

facility, totaling $507,147.00 for services rendered on one day. *Id.*[1] Plaintiff acknowledges that Aetna partially paid the claim, but seeks an additional reimbursement of $505,742.55. ¶¶12, 13.

### E. Plaintiff's Failure to Timely Appeal the Initial Claim Determination

Aetna provided the Plaintiff with Explanation of Benefits forms ("EOBs") dated April 26, 2011, May 10, 2013, May 12, 2013, May 13, 2013 and May 18, 2013.  *See* EOBs attached hereto as Exhibit E.  It was not until November 22, 2011 that Plaintiff appealed the initial claim decision.  *See* Appeal dated November 22, 2011 attached hereto as Exhibit F.  Notably, Plaintiff only appealed codes 63030-59, 63047-59 and 63048-59 for Dr. Cifelli and codes 22612 and 20937 for Sarah Bodie.  *See* Exhibit F; also *See* Plaintiff's Answers to Interrogatories, response to No. 6, attached hereto as Exhibit G.  Pursuant to D.O.'s plan, any appeal of an adverse benefits determination must have been made within one hundred eighty (180) days of the adverse determination.  *See* Exhibit C, page 3 of Appeals Rider.  Because the specific codes appealed were initially denied on April 26, 2011 and May 12, 2011, the appeal was denied by Aetna on November 30, 2011.  *See* Correspondence from Aetna dated November 30, 2011, attached hereto as Exhibit H.

### F. Plaintiff's Failure to Put Forth Any Evidence that Aetna's Determination Was Arbitrary and Capricious

The Explanation of Benefits forms state that the payment was made pursuant to guidelines established for multiple procedures performed on the same day and that charges for

---

[1] Plaintiff submitted claims for the following current Procedural Terminology Codes (CPT): Cifelli- 7700226, 69990, 38230, 63047-59, 63048-59, 63030-59, 20926, 38220, 2289959, 22851, 22840, 22612, 2263050, 22630, 20937, 20936 and 20930, and Bodie- 69990, 6304859, 6304759, 6303059, 38230, 2289959, 99215, 22612, 20937, 99245 and 22630.

4

co-surgeons are not covered under the member's plan. *See* Exhibit E. Plaintiff has not put forth any evidence that this determination was arbitrary and capricious.

Aetna now moves for summary judgment as there is no genuine issue of material fact that Plaintiff lacks a valid assignment to pursue its claims under ERISA and its state law claims are entirely preempted by the federal law. Additionally, there is no evidence that Aetna's claims determinations were arbitrary and capricious and Plaintiff failed to make either an appeal of the majority of the denials or a timely appeal of those that were appealed. Accordingly, Plaintiff's claims fail as a matter of law and Aetna is entitled to summary judgment.

## LEGAL ARGUMENT

### A. Legal Standard

"Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law." *Hoffmann-La Roche Inc. v. Apotex, Inc.*, 2010 WL 352278¶6, at *1 (D.N.J. Sept. 2, 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). "A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

While a court must draw reasonable inferences in the light most favorable to the non-moving party, unsupported assertions, bare allegations, and speculation are insufficient to repel summary judgment. *See Hoffmann-La Roche*, 2010 WL 3522786, at *1; *Schering Corp. v. Mylan Pharm., Inc.*, 2011 WL 3736503, *1 (D.N.J. Aug. 22, 2011). Rather, the non-moving party must produce sufficient evidence to support a jury verdict in its favor. *See* Fed. R. Civ. P.

5

56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S. Ct. 1348 (1986)). Put another way, "once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, . . . 'its opponent must do more than simply show that there is some metaphysical doubt as to material facts.'" *Bayer AG v. Schein Pharm., Inc*., 129 F. Supp. 2d 705, 712 (D.N.J. 2001) (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348).

### B. Plaintiff Lacks Standing Because the Applicable Plan Contains a Valid and Enforceable Anti-Assignment Provision

The assignment of benefits that Neurological Surgery Associates purports to have is invalid because the benefits plan from Aetna contains a provision on assignments which prohibits the assignment of benefits without Aetna's written consent, and specifically states Aetna will not accept assignments made to non-participating providers. *See* Exhibit C. In *Somerset Orthopedic*, the Appellate Division held that the anti-assignment clauses contained in health benefit plans are valid and enforceable. *Somerset Orthopedic*, 345 N.J. Super. at 423 (2001). Any assignment of benefits taken by a non-participating physician as a means of claiming direct payment from an insurer is void. *Id*. at 422-23. For this reason, a non-participating provider, like Plaintiff, lacks standing to pursue any action against Aetna. *Id*. at 423.

In *Somerset Orthopedic*, a provider sued an insurance company seeking payment of claims for services rendered to its member. The Court affirmed the dismissal of the provider's complaint against the insurer where the applicable benefit plan prohibited assignment. The Court explained that "the anti-assignment clause is a critical tool to Horizon's efficient and effective function . . . ." *Id*. at 422. For this reason, "the assignment of benefits to non-participating

6

physicians such as plaintiffs . . . is violative of strong public policy." *Id.*, at 423. The Court held that such assignment without the insurer's consent is "void as contrary to public policy." Accordingly, any complaint based upon an alleged assignment must be dismissed. *Id.*

The United States District Court for the District of New Jersey addressed the issue in *Briglia v. Horizon Healthcare Services, Inc.*, in which it dismissed a non-participating provider's ERISA claim for reimbursement from the insurer because the non-participating provider lacked standing under the subscriber's benefit plan. *Briglia v. Horizon Healthcare Services, Inc.*, 2005 WL 1140687 (D.N.J., May 13, 2005). In *Briglia*, the non-participating provider held an assignment from the subscriber and alleged that the insurer wrongfully refused to pay him for treatment rendered. 2005 WL 1140687, at *1 & *2. Relying on *Somerset Orthopedic* as well as a plethora of federal decisions under ERISA, Judge Wolfson enforced the anti-assignment provision of the subscriber's benefit plan. Id., at *4 - *5. Because the provider had no valid assignment or contract with the insurer, the Court dismissed his ERISA complaint against the defendant for the payment of benefits under the benefit plan. Id., at *5. More recently, the Court again was confronted with an anti-assignment provision in *Cohen v. Independence Blue Shield*, and reaffirmed that benefit plans governed by ERISA are contracts in which the parties are free to bargain for certain provisions, including those relating to assignability. *Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594 (D.N.J. 2011). Accordingly, the provider's claims based upon the assignment were dismissed. Id. at 609.

In this case, the Plan contains a clear prohibition on assignments to out-of-network providers, and expressly prohibits their claims for benefits or payments under the Plan. *See* Exhibit C, page 64. At no time did Aetna consent to any alleged assignment that Plaintiff claims

7

to hold. As such, any alleged assignment is void and Plaintiff therefore lacks standing to pursue this action.

### C. Plaintiff Failed to Timely Appeal the Initial Claims Decision and Aetna's Determination under the Plan Was Not Arbitrary and Capricious

#### 1. Plaintiff failed to file a timely appeal under the Plan

The Plan sets forth the appeals process following any adverse benefit determination. *See* Exhibit C, Appeals Rider. Therein, it details the two level appeals process. The first level appeal must be made within 180 days of the receipt of notice of an adverse benefit determination. *Id*., p. 3 of Appeals Rider. Thereafter, Aetna shall issue a decision within 30 calendar days. If an adverse benefit determination is upheld, a second level appeal or request for an external review may be filed. *Id*. This appeal process must be fully exhausted prior to initiating any lawsuit. *Id*.

Here, the initial adverse benefits determinations were made on April 26, 2011, May 10, 2011, May 12, 2011, May 13, 2011 and May 19, 2011. Not until November 22, 2011 did Plaintiff submit an appeal of a limited number of the procedures performed. *See* Exhibit F. Because these codes were denied on April 26, 2011 and May 12, 2011, the appeal was denied by Aetna on November 30, 2011 pursuant to the Plan, which required all appeals be submitted within 180 days. *See* Exhibit H.

Any argument by Plaintiff that it substantially complied with the appeals process, and therefore its delay should be excused, should be rejected by the Court. Courts have consistently rejected the doctrine of substantial compliance in relation to administrative appeals requirements under ERISA-governed benefits plans. *See Montvale Surgical Center v. Horizon Blue Cross Blue Shield of New Jersey*, 2012 U.S. Dist. LEXIS 177656 (D.N.J. December 14, 2012)(finding

8

that, despite the plan language that a claimant "may" submit an appeal, the appeals process was not optional and rejecting application of the substantial compliance doctrine to issue of whether beneficiary complied therewith) *citing Edwards v. Briggs & Stratton Retirement Plan*, 639 F.3d 355, 363 (7th Cir. 2011)(beneficiary's "failure to file a timely administrative appeal from the Plan's initial denial of benefits is not excused on grounds of substantial compliance"); and *Brown v. J.B. Hunt Transp. Servs., Inc.*, No. 4:08CV00089, 2008 U.S. Dist. LEXIS 66293 (rejecting "Plaintiff's argument that substantial compliance satisfies a beneficiary's obligation to exhaust administrative remedies").

Here, Plaintiff did not appeal a majority of the claims. The appeals that he did submit were untimely and therefore denied pursuant to the plan. Because the majority of claims were not appealed at all and those that were appealed did not comply with the plan, Plaintiff cannot pursue these claims.

### 2. Aetna's determination was not arbitrary and capricious, as it properly processed the claims at issue based upon the clear terms and provisions contained in the Plan

"Courts reviewing the decisions of ERISA plan administrators or fiduciaries in civil enforcement actions … should apply a deferential abuse of discretion standard of review across the board[.]" Estate of Schwing v. The Lilly Health Plan, 562 F.3d 522, 525 (3d Cir. 2009). Under this standard, courts may only overturn a plan administrator's denial of coverage if "it is without reason, unsupported by substantial evidence or erroneous as a matter of law." Gambino v. Anrouk, 232 Fed. Appx. 140, 145 (3d Cir. 2007)(quoting McLeod v. Hartford Life and Acc. Ins. Co., 372 F.3d 618, 623 (3d Cir. 2004)). Where the claim administrator's actions were based upon the clear language of the policy, the actions were not "arbitrary or capricious" as a matter of law and the court must defer to the Claim Administrator. Shapiro v. Metropolitan Life Ins.

9

Co., 2010 WL 1779392 (D.N.J. 2010)(Pisano, J.)(Attached hereto as Exhibit I is a copy of the unpublished Shapiro opinion). Furthermore, "[t]he Court may not substitute its own judgment as to the interpretation of the plan where this heightened standard is deemed appropriate." Id. at *4-5 (citing Moats v. United Mine Workers of American Health and Retirement Funds, 981 F.2d 685, 687-88 (3d Cir. 1992)).

A court's review of an ERISA plan administrator's coverage decision is strictly limited to the evidence before the administrator at the time the decision was made. Howley v. Mellon Fin. Corp., 625 F.3d 788, 793 (3d Cir. 2010); Marciniak v. Prudential Ins. Co. of Am., 184 Fed. Appx. 266, 269 (3d Cir. 2006). Only the materials considered by the administrator are relevant to the analysis of whether the decision rendered was or was not "arbitrary and capricious." Howley, 625 F.3d at 793.

In the instant matter, Aetna's position as set by the Plan explicitly vests Aetna with authority to determine the allowed amount out-of-network providers are entitled to for services rendered. The Plan sets forth that it pays differently depending on whether a provider is in network or out-of-network. See Exhibit C, p. 9-10. It specifically excludes payments to out-of-network providers that are in excess of the recognized charge. Id., p. 41. Plaintiff has not provided a shred of factual evidence illustrating that it is entitled to reimbursement above and beyond the allowance. Furthermore, Plaintiff has failed to proffer any evidence that Aetna abused its discretion with respect to determining the allowed amount pursuant to the terms of the Plan.

Because Aetna processed and paid the claims at issue in accordance with the Plan, its determination of benefits and decisions on appeal were proper and Plaintiff's claims seeking

additional payment lack any colorable basis. It is therefore clear that Aetna's denial of benefits was not "arbitrary and capricious." Plaintiff's Complaint asks the Court to substitute its own judgment in place of Aetna, and provide increased benefits for the claims at issue, despite the fact that Aetna applied the clear terms of its plan in reimbursing Plaintiff for the claims at issue and in denying Plaintiff's appeal. Plaintiff's position is without merit and Aetna is entitled to summary judgment as a matter of law.

### D. Aetna Is Entitled to Summary Judgment on Plaintiff's Common Law Claims as They Are Entirely Preempted by ERISA

D.O. had health benefits under a plan governed by ERISA. In addition to the claims discussed above, Plaintiff is bringing state law claims for breach of contract, promissory estoppel, negligent misrepresentation and unjust enrichment. (Complaint, ¶¶ 42, 49, 54 and 60). Plaintiff's state law claims arising from Aetna's denial of benefits fail as a matter of law because they are preempted by ERISA. ERISA contains two statutory provisions which preempt state law causes of action. The first of ERISA's two preemption provisions, Section 502(a) of ERISA, 29 U.S.C. §1132(a), sets forth a comprehensive civil enforcement scheme which forecloses state law claims that seek to supplement or supplant its remedies. Any claim that falls within the scope of Section 502(a) is completely preempted. Pryzbowski v. U.S. Healthcare, 245 F.3d 266, 271-72 (3d Cir. 2001).

In order to maintain the integrity of its exclusive regulatory scheme, ERISA also contains an express preemption clause. Section 514(a) of ERISA, 29 U.S.C. §1144(a), preempts "any and all state laws" that "relate to any employee benefit plan." Although not without limits, the Supreme Court has repeatedly found that the express preemption provisions of Section 514(a) of ERISA are deliberately expansive. Pilot Life Ins. Co. v. Deadeaux, 481 U.S. 41, 46 (1987).

11

"[ERISA's] pre-emption clause is conspicuous for its breadth. It establishes an area of federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA." FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990).

### 1. Section 502(a) of ERISA Completely Preempts Plaintiff's State Law Claims

Section 502(a) of ERISA completely preempts Plaintiff's state law claims against Defendant because it improperly seeks to duplicate and supplement the exclusive remedies available under ERISA. Under Section 502(a), "any state law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Davila, 542 U.S. at 209. For this reason, any claim that "challenges the administration of or eligibility for benefits" is completely preempted and must be dismissed." Pryzbowski, 425 F.3d at 273.

In this case, Plaintiff's state law claims for breach of contract, promissory estoppel, negligent misrepresentation and unjust enrichment are based on the allegation that Aetna failed to properly pay benefits for medical services rendered to D.O. Because these state law claims seek to recover benefits allegedly due enter the ERISA-governed employee health benefit plan, they are completely preempted. Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004).

### 2. Section 514(a) of ERISA Expressly Preempts Plaintiff's State Law Claims

Section 514(a) of ERISA, 29 U.S.C. §1144(a), expressly preempts any state law that relates to an employee benefit plan. One primary purpose of this provision is to eliminate the risk of conflicting and inconsistent state regulation of employee benefit plans. Metz v. United Counties Bancorp., 61 F.Supp.2d 364, 381(D.N.J. 1999). For this reason, courts have repeatedly held that Section 514(a) preempts state law claims that an insurer misrepresented the amount or

availability of benefits under an employee benefit plan. See, e.g. Metz, 61 F.Supp.2d at 381; Kelso v. General American Life Ins. Co., 967 F.2d 388, 390-91 (10th Cir. 1992). Because Plaintiff's claims are based on the alleged denial of full payment of benefits under the plan, they once again involve the administration of benefits and relate to the Plan. Indeed, Plaintiff's claims pose the precise risk of inconsistent state regulation that Section 514(a) is designed to prevent. If claims like those pleaded by the Plaintiff are allowed to stand, a provider could bring a state court action for damages any time a benefit plan denied coverage or reduced benefits because the services were not otherwise covered under the terms of a plan.

## CONCLUSION

For the foregoing reasons, Defendant Aetna Life Insurance Company respectfully requests summary judgment as a matter of law.

**CONNELL FOLEY LLP**
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, New Jersey 08002
(856) 317-7100

*Attorneys for Defendant Aetna Life Insurance Company*

BY:   /s/ Thomas Vecchio
            Thomas Vecchio, Esquire

DATE:   November 7, 2013