# EXHIBIT A

**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for Plaintiff

| | |
|---|---|
| NEUROLOGICAL SURGERY ASSOCIATES a/s/o D▮▮▮ O▮▮▮▮▮▮▮, <br><br>Plaintiff(s), <br><br>v. <br><br>AETNA LIFE INSURANCE COMPANY; LABORERS LOCAL 754 JOINT BENEFIT FUNDS; ABC CORP. (1-10) (said names being fictitious and unknown entities), <br><br>Defendant(s), | SUPERIOR COURT OF NEW JERSEY PASSAIC COUNTY: LAW DIVISION <br><br>DOCKET NO: L-3173-12 <br><br>CIVIL ACTION <br>**Summons** <br><br>FROM THE STATE OF NEW JERSEY TO THE DEFENDANT(S) NAMED ABOVE: |

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A $135.00 (Law Division) or $135.00 (Chancery Division) filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff=s attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights, you must file and serve a written answer or motion (with the fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: August 9, 2012

s/ Jennifer M. Perez

Jennifer M. Perez
*Clerk of the Superior Court*

Name and Address of
Defendant to be served: Laborers Local 754 Joint Benefit Fund
215 Old Nyack Turnpike, Chestnut Ridge, NY 10977

Massood & Bronsnick, LLC
Attorneys at Law

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401

LAWYER REFERRAL: 609-345-3444
LEGAL SERVICES: 609-348-4200

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office, First Floor
Hall of Records, 101 South Fifth Street
Camden, NJ 08103
LAWYER REFERRAL: 609-964-4520
LEGAL SERVICES: 609-964-2010

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102

LAWYER REFERRAL: 973-622-6207
LEGAL SERVICES: 973-624-4500

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL: 908-263-6109
LEGAL SERVICES: 908-782-7979

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
71 Monument Park, P.O. Box 1269
Court House,
Freehold, NJ 07728-1262
LAWYER REFERRAL: 732-431-5544
LEGAL SERVICES: 732-866-0020

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL: 973-278-9223
LEGAL SERVICES: 973-345-7171

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL: 973-267-5882
LEGAL SERVICES: 973-383-7400

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769

LAWYER REFERRAL: 201-488-0044
LEGAL SERVICES: 201-487-2166

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 North Main Stree , Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL: 609-463-0313
LEGAL SERVICES 609-465-3001

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake, First Floor, Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL: 609-848-4589
LEGAL SERVICES: 609-848-5360

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Court House
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL: 609-585-6200
LEGAL SERVICES: 609-695-6249

**MORRIS COUNTY**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place, P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL: 973-267-5882
LEGAL SERVICES: 793-285-6911

**SALEM COUNTY**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL: 856-678-8363
LEGAL SERVICES 856-451-0003

**UNION COUNTY**
Deputy Clerk of the Superior Court
First Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL: 908-353-4715
LEGAL SERVICES: 908-354-4340

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake, First Floor,
Courts Facility, 49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL: 609-261-4862
LEGAL SERVICES: 609-261-1088

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets, P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL: 856-692-6207
LEGAL SERVICES: 856-451-0003

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL: 201-798-2727
LEGAL SERVICES: 201-792-6363

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Administration Building, Third Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL: 732-828-0053
LEGAL SERVICES: 732-249-7600

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL: 732-240-3666
LEGAL SERVICES: 732-341-2727

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office, New Court House,
Third Floor, P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL: 908-685-2323
LEGAL SERVICES: 908-231-0840

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL: 908-387-1835
LEGAL SERVICES: 908-475-2010

```
PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON          NJ 07505
                                           TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 247-8176
COURT HOURS

                        DATE:   AUGUST 02, 2012
                        RE:     NEUROLOGICAL SURGERY ASSOCIATES PA VS AETNA
                        DOCKET: PAS L -003173 12

      THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

      DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
 FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON PHILIP H. MIZZONE JR

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
 AT:  (973) 247-8205.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDAN
 WITH  R.4:5A-2.
                        ATTENTION:
                                  ATT: ANDREW R. BRONSNICK
                                  MASSOOD & BRONSNICK LLP
                                  50 PACKANACK LAKE ROAD EAST
                                  WAYNE          NJ 07470-5834

JURCED0
```

**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiffs

Received and Filed
Superior Court of New Jersey

JUL 31 2012

Passaic County

| | |
|---|---|
| NEUROLOGICAL SURGERY ASSOCIATES P.A. a/s/o D▒▒ O▒▒▒▒ <br><br>Plaintiffs(s),<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY; LABORERS LOCAL 754 JOINT BENEFIT FUNDS; ABC CORP. (1-10) (Said names being fictitious and unknown entities),<br><br>Defendant(s), | SUPERIOR COURT OF NEW JERSEY<br>PASSAIC COUNTY: LAW DIVISION<br><br>DOCKET NO: L-3173-12<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

The Plaintiffs, Neurological Surgery Associates, P.A. a/s/o D▒▒ O▒▒▒▒, (collectively referred to as "Plaintiff") by way of Complaint against Defendants say:

### THE PARTIES

1. Plaintiff, Neurological Surgery Associates, PA (hereinafter referred to as "Neurological Surgery" or "Plaintiff") is a medical services practice specializing in spinal surgeon, having an office located at 975 Clifton Avenue, Clifton NJ 07013. Dr. John Cifelli is a spinal surgeon employed at Neurosurgical Specialists. Sarah Bodie, PA-C is a physician assistant who provides co-surgeon services at Neurosurgical Specialists. At all relevant times, the Plaintiff was an "out-of-network" medical practice that provided various surgical services to subscribers

Massood & Bronsnick, LLC
Attorneys at Law

enrolled in the healthcare plans of Defendants. Defendant Laborers Local 754 Joint Benefit Fund (hereinafter referred to as "Local 754") is a fund designed to allow construction workers and their participating family members the ability to afford health insurance, having its headquarters located at 215 Old Nyack Turnpike, Chestnut Ridge NY 10977.

2. Local 754 conducts business in the State of New Jersey, including Passaic County, and venue was properly laid in Passaic County pursuant to R. 4:3-2.

3. Local 754 maintains a self-funded health insurance plan for its employees and their participating family members.

4. D███ O███ (hereinafter referred to as "O███") is a citizen of the United States residing at ███, ███ and is a subscriber to a plan of group health insurance issued to employees and their participating family members by Local 754.

5. Defendant Aetna Life Insurance Company (hereinafter referred to as "Aetna") is an insurance company authorized to transact insurance business throughout the State of New Jersey, which actively solicits customers from New Jersey, and is headquartered at 151 Farmington Avenue, Hartford CT 06156. Aetna is a managed care company consisting of several healthcare plans providing healthcare coverage and third party administration to its subscribers for both "in-plan" and "out-of-network" medical services.

6. The terms of Aetna's insurance agreements or plans were controlled by the laws of the State of New Jersey and/or Regulations of the New Jersey Department of Banking and Insurance and by the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. Sec. 1101, et seq.

7. Plaintiffs received a written Assignment of Benefits agreement from O█████, the aforementioned Aetna/Local 754 subscriber, of her contractual rights under the policy of group health insurance issued by Aetna/Local 754 and thus, has standing to bring a civil action against Aetna/Local 754.

## SUBSTANTIVE ALLEGATIONS

8. Aetna/Local 754 operates, controls and/or administers managed healthcare insurance plans providing health and medical coverage to its members and dependents. At all relevant times, Aetna provided certain members and/or their dependents with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

9. Specifically, in this case, the Plaintiff provided the treating doctors for the medical procedures administered to O█████. It is not disputed that all of the surgical procedures performed were "medically necessary" and were approved by Aetna/Local 754.

10. The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the Plaintiffs, normally charge to their patients in the free market, i.e. without an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same

geographic area with similar training and experience.

11. In each instance, prior to Plaintiff rendering services, Aetna/Local 754 agreed to directly compensate Plaintiff their UCR fee for the services provided. Consequently, in each instance, Plaintiff reasonably believed and relied upon Aetna/Local 754's express or implied representations that Plaintiff would be paid the UCR fee and it was on that basis, Plaintiff agreed to render the services.

12. Plaintiff, Neurological Surgery, submitted a bill to Defendant, Aetna/Local 754, based on the reasonable and customary charges for Dr. John Cifelli, in the amount of $257,117.00 for date of service 4/8/11. Aetna/Local 754 issued payment to Plaintiff in the amount of $1,404.45. Aetna issued an Explanation of Benefits ("EOB") indicating that the remaining balance was not allowed. However, the portion designated by Aetna/Local 754 as "patient's responsibility" and "remaining balance" are in dispute since Plaintiff challenges the reasonable and customary charge ("UCR") allowed by Aetna/Local 754 for the subject date of service.

13. Plaintiff, Neurological Surgery, submitted a bill to Defendant, Aetna/Local 754, based on the reasonable and customary charges for Sarah Bodie, PA-C, in the amount of $250,030.00 for date of service 4/18/11. Aetna/Local 754 issued payment to Plaintiff in the amount of $0.00. Aetna issued an Explanation of Benefits ("EOB") indicating that the remaining balance was not allowed. However, the portion designated by Aetna/Local 754 as "patient's responsibility" and "remaining balance" are in dispute since Plaintiff challenges the reasonable and customary charge ("UCR") allowed by Aetna/Local 754 for the subject date

of service.

14. Based upon the foregoing, Plaintiff hereby demands payment in the amount of $505,742.55.

15. Plaintiff submitted appeals for reconsideration of the claim, and for further payment. Defendant failed to provide an appropriate response to the appeal, because they failed to provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment. Furthermore, Defendant failed to properly advise Plaintiff about the appeal process and therefore, Defendant did not properly consider payment on appeal.

16. Defendant has not issued any further payments to Plaintiff.

17. By and through this lawsuit, Plaintiff now seeks damages, due to Defendant's actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

### FIRST COUNT
### (Violation of ERISA)

18. Neurological Surgery repeats and re-alleges all prior allegations as though fully set forth herein.

19. This Count arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.

20. The Patients' plans, under which Patients are entitled to health insurance coverage under ERISA, are administered and operated by Aetna and/or Aetna's designated third-party administrator and/or agent under ERISA.

Massood & Bronsnick, LLC
Attorneys at Law

21. Aetna is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, they exercise discretionary authority and/or discretionary control with respect to management of the plans under which Patients are entitled to benefits as assigned to Plaintiff.

22. Aetna is a fiduciary in relation to the matters set forth herein, by virtue of its exercise of authority and/or control and/or function control respecting the management and disposition of assets of the plans and/or by exercising discretionary authority and/or discretionary responsibility and/or functional authority in the administration of the Patients' plans.

23. Aetna's fiduciary functions include, *inter alia*, preparation and submission of explanation of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with Plaintiff concerning benefits to Patients under the plans, and coverage, handling, management, review, decision-making and disposition of appeals and grievances under the Patients' plans.

24. Neurological Surgery received assignment of benefits from O▮▮▮▮ which had "out of network" benefits for surgery under her plan or insurance agreement with or administered by Aetna through which O▮▮▮▮ assigned to Neurological Surgery, *inter alia*, the individual Patients' right to receive payment directly from Aetna for the services that the patient received from Neurological Surgery.

25. The Assignment of Benefits that Neurological Surgery received from O▮▮▮▮ confers upon Neurological Surgery's status of "beneficiary" under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B) and § 1102(8) et seq.

26. As a beneficiary under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B),

Massood & Bronsnick, LLC
Attorneys at Law

   Neurological Surgery is entitled to recover benefits due (and/or other benefits due to the Patient), and to enforce the rights of the Patient (and/or the rights of the Patient) under ERISA law and/or the terms of the applicable plans/policies.

27. Neurological Surgery has sought payment of benefits under the applicable Patients' plans and Aetna has refused to make payment to Neurological Surgery for the medical services rendered to the O▮▮▮▮▮

28. The denial of Ostrander's claims are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

29. The form and basis of the denial of the O▮▮▮▮▮ claims are insufficient and not in compliance with ERISA.

30. Neurological Surgery is entitled to recover the reasonable attorneys' fees and costs of action pursuant to 29 USC § 1132(g), et seq. and other provisions of ERISA, as applicable.

31. There is no basis for the claims not being paid when the reasonable and customary charge is the standard.

WHEREFORE, Plaintiffs request judgment against Defendant for:

 a) Compensatory damages;

 b) Interest;

 c) Costs of suit;

 d) Attorney's fees; and

 e) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

32. Neurological Surgery repeats and re-alleges all prior allegations as though fully set forth herein.

33. Aetna has an obligation to supply all documents used in making any claims determination.

34. Aetna has an obligation to explain its determination regarding the denial of claims.

35. Aetna has a duty to provide Neurological Surgery a full and fair hearing on the claims determination.

36. Aetna is a fiduciary under ERISA.

37. Aetna's determinations of all claims without any (or even substantial) explanation were arbitrary and capricious as well as being in violation of ERISA.

38. Aetna violated its fiduciary duty to the O█████ and Neurological Surgery as assignee of O█████

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## THIRD COUNT
### (Breach of Contract—Aetna)

39. Plaintiff repeats and re-alleges all prior allegations as though fully set forth

Massood & Bronsnick, LLC
Attorneys at Law

herein.

40. Aetna conducts business in every county in the State of New Jersey, including Passaic County, and venue was properly laid in Passaic County pursuant to R. 4:3-2.

41. Aetna issued a fully funded policy of insurance to O▮▮▮ and/or is obligated to provide health insurance to its insured's and their participating family members.

42. Horizon breached its contract with Neurological Surgery Associates, P.A. a/s/o D▮▮ O▮▮▮ by failing to pay the reasonable and customary rate for the medical necessary services rendered under the terms of the policy, by failing to properly respond to the appeal, and by failing to comply with the terms of the Summary Plan Description.

43. Consequently, Neurological Surgery was damaged by Aetna's breach of contract.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the court deems equitable and just.

### FOURTH COUNT
(Promissory Estoppel)

44. Plaintiffs repeat and re-allege all prior allegations as though fully set forth herein.

45. Plaintiffs rendered medical services to O▮▮▮, and therefore, Plaintiffs expected to be paid its UCR fee for the medically necessary services.

46. In reliance upon Defendants' confirmation of coverage for medical services, prior

to rendering services, Plaintiffs provided the Aetna/Local 754 subscriber with "medically necessary" care and medical treatment.

47. At no time did Defendants' ever withdraw its confirmation of coverage for medical services based upon reasonable and customary fees.

48. Despite Defendants' continued confirmation of coverage for medical services for a reasonable and customary fee payment, Defendants have not appropriately paid Plaintiffs for the medical services rendered.

49. Defendants' actions have therefore caused Plaintiffs to suffer a detriment of a definite and substantial nature in reliance upon Defendants' promise to pay for medical services at a reasonable and customary fee thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

50. Defendants' actions have therefore caused Plaintiffs to suffer a detriment of a definite and substantial nature in reliance thereon, thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

51. Plaintiffs have suffered significant damages as a result.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

f) Compensatory damages;

g) Interest;

h) Costs of suit;

i) Attorney's fees; and

j) Such other relief as the Court deems equitable and just.

## FIFTH COUNT
(Negligent Misrepresentation)

52. Plaintiffs repeat and re-allege all prior allegations as though fully set forth herein.

53. Despite its confirmation of reasonable and customary payment for medically necessary services, prior to Plaintiffs rendering of the services, Defendants negligently refused to pay the subject claims appropriately in accordance with said confirmation. Because of Defendants' negligent misrepresentation, Plaintiffs were paid less than the reasonable and customary rates.

54. Defendants' negligent misrepresentation of medical coverage for services rendered at a reasonable and customary payment was unknown to Plaintiffs at the time it agreed to perform the medical services for the subscribers and/or their dependents. Plaintiffs reasonably expected and relied upon what it believed to be Defendants' honest representations that the Plaintiffs would be properly compensated in accordance with the medical coverage plan presented prior to the medical services being performed.

55. Plaintiff's reliance on these representations was to its substantial detriment and as a result the Plaintiffs suffered significant monetary damages.

56. By virtue of the foregoing, Defendants have committed negligent misrepresentation.

57. Plaintiffs have suffered significant damages as a result.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

Massood & Bronswick, L.L.C.
Attorneys at Law

## SIXTH COUNT
(Unjust Enrichment)

58. Plaintiffs repeat and re-allege all prior allegations as though fully set forth herein.

59. At all relevant times, Defendants consistently and systematically refused to pay Plaintiffs reasonable and customary fees for the medical services rendered, contrary to Defendants' confirmation of payment terms.

60. Defendants have therefore been unjustly enriched through the use of funds that earned interest or otherwise added to its profits when said money should have been paid in a timely and appropriate manner to Plaintiffs.

61. Plaintiffs have suffered significant damages as a result.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## SEVENTH COUNT

62. Plaintiffs repeat and re-allege all prior allegations as though fully set forth herein.

63. On or about the aforementioned dates and place, Defendants, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

Massood & Bronsnick, LLC
Attorneys at Law

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

MASSOOD & BRONSNICK, LLC
Attorneys for Plaintiff

_____
ANDREW R. BRONSNICK, ESQ.

Dated: July 27, 2012

## JURY DEMAND

The undersigned hereby demands a trial by jury as to all issues.

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. There are no other known parties who should be joined to this action.

MASSOOD & BRONSNICK, LLC
Attorneys for Plaintiff

_____
ANDREW R. BRONSNICK, ESQ.

Dated: July 27, 2012
f:\wp51\majormed\cifelli\ostrander\complaint 7.24.12.doc

Massood & Bronsnick, LLC
Attorneys at Law.

<u>Appendix XII-B1</u>

| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| 1. ATTORNEY / PRO SE NAME<br>Andrew R. Bronsnick, Esq. | 2. TELEPHONE NUMBER<br>(973) 696-1900 | 3. COUNTY OF VENUE<br>Passaic |
|---|---|---|
| 4. FIRM NAME (if applicable)<br>Massood & Bronsnick, LLC | - | 5. DOCKET NUMBER (when available)<br>L-3173-12 |
| 6. OFFICE ADDRESS<br>50 Packanack Lake Road East<br>Wayne, NJ 07470 | | 7. DOCUMENT TYPE<br>Complaint |
| | | 8. JURY DEMAND ■ YES ☐ No |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Neurological Surgery Associates, P.A. a/s/o D█ O█ | 10. CAPTION<br>Neurological Surgery Associates, P.A. a/s/o D█ O█ v. Aetna & Laborers Local 754 Joint Benefit Funds |
|---|---|
| 11. CASE TYPE NUMBER (See reverse side for listing)<br>505 | 12. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| 13. RELATED CASES PENDING?<br>☐ YES ■ No | 14. IF YES, LIST DOCKET NUMBERS |
| 15. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES ■ No | 16. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 17. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>■ YES ☐ No | IF YES, IS THAT RELATIONSHIP:<br>■ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|
| 18. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ No | |
| 19. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION | |
| 20. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| 21. WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |
| 22. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b). | Received and Filed<br>Superior Court of New Jersey<br>JUL 31 2012<br>Passaic County |
| 23. ATTORNEY SIGNATURE: *[signature]* | |

CN 10517_ps - English, Revised Instructions 02/22/2010      Page 4 of 5

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280 ZELNORM
- 285 STRYKER TRIDENT HIP IMPLANTS
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION

**Mass Tort (Track IV)**
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category  ☐ Putative Class Action  ☐ Title 59