# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEUROLOGICAL SURGERY ASSOCIATES P.A. a/s/o D.O.,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY; LABORERS LOCAL 754 JOINT BENEFIT FUNDS; ABC CORP. (1-10)(SAID NAMES BEING FICTITIOUS AND UNKNOWN ENTITIES),<br><br>Defendants. | CIVIL ACTION NO.: 12-5600 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Aetna Life Insurance Company ("Aetna") and Laborers Local 754 Joint Benefit Funds ("Local 754") hereby answer the Complaint filed by Plaintiff Neurological Surgery Associates a/s/o D.O. and files the following Affirmative Defenses.

### THE PARTIES

1. With respect to the allegations contained within paragraph 1 of the Complaint, Defendants admit only that Plaintiff is an out-of-network provider and does not have a contract with Aetna. Defendants lack sufficient knowledge to confirm or deny the remaining allegations contained within paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2. With respect to the allegations contained within paragraph 2 of the Complaint, Defendants admit only that Local 754 conducts business in the State of New Jersey, including Passaic County. The remaining allegations contained within paragraph 2 of the Complaint are

2796932-01

legal averments to which no response is required. To the extent an answer is deemed necessary, Defendants deny the remaining allegations contained within paragraph 2 of the Complaint.

3. Defendants deny each and every allegation contained within paragraph 3 of the Complaint.

4. With respect to the allegations contained within paragraph 4 of the Complaint, Defendants admit only that D.O. received health benefits through a health benefit plan sponsored by the Local 754 and insured by Aetna. Except as so admitted, Defendants lack sufficient knowledge to confirm or deny the remaining allegations contained within paragraph 4 of the Complaint.

5. With respect to allegations contained within paragraph 5 of the Complaint, Defendants admit only that Aetna is an insurance company duly authorized to conduct business in the State of New Jersey. Except as so admitted, Defendants deny each and every other allegation contained in paragraph 5 of the Complaint.

6. With respect to the allegations contained within paragraph 6 of the Complaint, Defendants admit only that the health benefit plan under which Plaintiff seeks benefits is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 et seq. Except as so admitted, Defendants deny each and every other allegation contained in paragraph 6 of the Complaint.

7. Defendants deny each and every allegation contained within paragraph 7 of the Complaint.

### SUBSTANTIVE ALLEGATIONS

8. Defendants deny each and every allegation contained within paragraph 8 of the Complaint.

2796932-01

9. With respect to the allegations contained within paragraph 9 of the Complaint, Defendants admit only that Plaintiff provided treatment to D.O. Except as so admitted, Defendants deny each and every other allegation contained in paragraph 6 of the Complaint.

10. Defendants deny each and every allegation contained within paragraph 10 of the Complaint.

11. Defendants deny each and every allegation contained within paragraph 11 of the Complaint.

12. With respect to the allegations contained within paragraph 12 of the Complaint, Defendants admit only that Plaintiff submitted claims to Aetna. Except as so admitted, Defendants deny each and every other allegation contained within paragraph 12 of the Complaint.

13. With respect to the allegations contained within paragraph 13 of the Complaint, Defendants admit only that Plaintiff submitted claims to Aetna. Except as so admitted, Defendants deny each and every other allegation contained within paragraph 13 of the Complaint.

14. Defendants deny each and every allegation contained within paragraph 14 of the Complaint.

15. Defendants deny each and every allegation contained within paragraph 15 of the Complaint.

16. Admitted.

17. Defendants deny each and every allegation contained within paragraph 17 of the Complaint.

## FIRST COUNT
### (Violation of ERISA)

18. Defendants repeat and incorporate by reference their answers to the proceeding allegations of the Complaint.

19. With respect to the allegations contained within paragraph 19 of the Complaint, Defendants admit only that the employee benefit plan under which Plaintiff seeks benefits is governed the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. Except as so admitted, Defendants deny each and every allegation contained within paragraph 19 of the Complaint.

20. With respect to the allegations contained within paragraph 20 of the Complaint, Defendants admit only that D.O. had coverage under a health benefit plan sponsored by the Local 754 and insured by Aetna. Except as so admitted, Defendants deny each and every allegation contained within paragraph 20 of the Complaint.

21. The averments contained in paragraph 21 of the Complaint are legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Defendants deny each and every allegation contained within paragraph 21 of the Complaint.

22. The averments contained in paragraph 22 of the Complaint are legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Defendants deny each and every allegation contained within paragraph 22 of the Complaint.

23. The averments contained in paragraph 23 of the Complaint are legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Defendants deny each and every allegation contained within paragraph 23 of the Complaint.

24. Defendants deny each and every allegation contained within paragraph 24 of the Complaint.

25.  Defendants deny each and every allegation contained within paragraph 25 of the Complaint.

26.  Defendants deny each and every allegation contained within paragraph 26 of the Complaint.

27.  With respect to the allegations contained within paragraph 27 of the Complaint, Defendants admit only that Plaintiff submitted claims to Aetna. Except as so admitted, Defendants deny each and every other allegation contained within paragraph 27 of the Complaint.

28.  Defendants deny each and every allegation contained within paragraph 28 of the Complaint.

29.  Defendants deny each and every allegation contained within paragraph 29 of the Complaint.

30.  Defendants deny each and every allegation contained within paragraph 30 of the Complaint.

31.  Defendants deny each and every allegation contained within paragraph 31 of the Complaint.

**WHEREFORE,** Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## SECOND COUNT
### (ERISA – Breach of Fiduciary Duty)

32.  Defendants repeat and incorporate by reference their answers to the proceeding allegations of the Complaint.

33.  The averments contained in paragraph 33 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed

necessary, Defendants deny each and every allegation contained within paragraph 33 of the Complaint.

34. The averments contained in paragraph 34 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Defendants deny each and every allegation contained within paragraph 34 of the Complaint.

35. The averments contained in paragraph 35 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Defendants deny each and every allegation contained within paragraph 35 of the Complaint.

36. The averments contained in paragraph 36 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Defendants deny each and every allegation contained within paragraph 36 of the Complaint.

37. Defendants deny each and every allegation contained within paragraph 37 of the Complaint.

38. Defendants deny each and every allegation contained within paragraph 38 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### THIRD COUNT
### (Breach of Contract – Aetna)

39. Defendants repeat and incorporate by reference their answers to the proceeding allegations of the Complaint.

40. With respect to the allegations contained within paragraph 40 of the Complaint, Defendants admit only that Aetna conducts business in the State of New Jersey, including Passaic County. The remaining allegations contained within paragraph 40 of the Complaint are legal averments to which no response is required. To the extent that an answer is deemed necessary, Defendants denies the remaining allegations contained within paragraph 40 of the Complaint.

41. Defendants deny each and every allegation contained within paragraph 41 of the Complaint.

42. Defendants deny each and every allegation contained within paragraph 42 of the Complaint.

43. Defendants deny each and every allegation contained within paragraph 43 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### FOURTH COUNT
### (Promissory Estoppel)

44. Defendants repeat and incorporate by reference their answers to the proceeding allegations of the Complaint.

45. Defendants deny each and every allegation contained within paragraph 45 of the Complaint.

46. Defendants deny each and every allegation contained within paragraph 46 of the Complaint.

47. Defendants deny each and every allegation contained within paragraph 47 of the Complaint.

48. Defendants deny each and every allegation contained within paragraph 48 of the Complaint.

49. Defendants deny each and every allegation contained within paragraph 49 of the Complaint.

50. Defendants deny each and every allegation contained within paragraph 50 of the Complaint.

51. Defendants deny each and every allegation contained within paragraph 51 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### FIFTH COUNT
### (Negligent Misrepresentation)

52. Defendants repeat and incorporate by reference their answers to the proceeding allegations of the Complaint.

53. Defendants deny each and every allegation contained within paragraph 53 of the Complaint.

54. Defendants deny each and every allegation contained within paragraph 54 of the Complaint.

55. Defendants deny each and every allegation contained within paragraph 55 of the Complaint.

56. Defendants deny each and every allegation contained within paragraph 56 of the Complaint.

57. Defendants deny each and every allegation contained within paragraph 57 of the Complaint.

**WHEREFORE,** Defendants demands judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## SIXTH COUNT
### (Unjust Enrichment)

58. Defendants repeat and incorporate by reference their answers to the proceeding allegations of the Complaint.

59. Defendants deny each and every allegation contained within paragraph 59 of the Complaint.

60. Defendants deny each and every allegation contained within paragraph 60 of the Complaint.

61. Defendants deny each and every allegation contained within paragraph 61 of the Complaint.

**WHEREFORE,** Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## SEVENTH COUNT

62. Defendants repeat and incorporate by reference their answers to the proceeding allegations of the Complaint.

63. The allegations contained in paragraph 63 of the Complaint are not directed towards Defendants and therefore no response is required. To the extent an answer is deemed necessary, Defendants are without sufficient knowledge to confirm or deny the allegations within paragraph 63 of the Complaint and leaves Plaintiff to its proofs.

2796932-01

**WHEREFORE,** Defendants demand judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

                                             CONNELL FOLEY LLP
                                             Liberty View
                                             457 Haddonfield Rd., Ste. 230
                                             Cherry Hill, NJ 08002
                                             *Attorneys for Defendants*
                                             *Aetna Life Insurance Company and*
                                             *Laborers Local 754 Joint Benefit Funds*

BY: _____
              Edward S. Wardell, Esquire
              Matthew A. Baker, Esquire

DATE:   October 24, 2012

2796932-01

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the express terms of the applicable health benefit plan.

3. Plaintiff's claim seeks benefits that are not eligible for coverage according to the terms of the relevant health benefit plan.

4. Plaintiff's claims are barred because Plaintiff lacks any contract with Defendants.

5. Defendants did not violate any legal or contractual duty owed to Plaintiff.

6. Defendants acted reasonably and in good faith with Plaintiff at all times.

7. Defendants deny the reasonableness, accuracy and appropriateness of the allegations in the Complaint.

8. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and the Plaintiffs are limited to remedies thereunder as against Defendants which are limited to payment of benefits that were allegedly denied.

9. Plaintiff's claims are expressly and completely preempted in whole or in part by Sections 502(a) and 514(a) of ERISA, 29 U.S.C. §§1132(a) and 1144(a).

10. Plaintiff's claims are barred by reasons of the Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

11. The Complaint may be barred by the applicable Statute of Limitations.

12. Plaintiff's claims are barred because Plaintiff lacks standing to pursue this action.

13. Plaintiff has failed to exhaust the mandatory administrative remedies under the terms of the applicable health benefits plan and accordingly, this action is barred.

2796932-01

14. Plaintiff's claims are barred because Defendants fulfilled all its obligations under the health benefits plan and/or policies of insurance.

15. Denial of benefits to the plaintiff can only be reversed upon proof that Defendants acted in an arbitrarily and capricious manner, which they did not.

16. Defendants reserve the right to amend its answer to assert additional defenses and/or supplement, alter or change its answers upon completion of the appropriate investigation and discovery.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

> CONNELL FOLEY LLP
> Liberty View
> 457 Haddonfield Rd., Ste. 230
> Cherry Hill, NJ 08002
> *Attorneys for Defendants*
> *Aetna Life Insurance Company and*
> *Laborers Local 754 Joint Benefit Funds*
>
> BY: _____
> Edward S. Wardell, Esquire
> Matthew A. Baker, Esquire

DATE: October 24, 2012

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Edward S. Wardell, Esquire is designated for trial counsel for Defendants.

> CONNELL FOLEY LLP
> Liberty View
> 457 Haddonfield Rd., Ste. 230
> Cherry Hill, NJ 08002
> *Attorneys for Defendants*
> *Aetna Life Insurance Company and*
> *Laborers Local 754 Joint Benefit Funds*
>
> BY: _____
> Edward S. Wardell, Esquire
> Matthew A. Baker, Esquire

DATE:   October 24, 2012

## CERTIFICATE OF SERVICE

I, Randi P. Vuich, of full age, hereby certify that the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Civil Procedure and that a copy of the within pleading has been served this date, via email and first-class mail, postage prepaid, upon:

Massood & Bronsnick, LLC
50 Packanack Lake Rd. East
Wayne, NJ 07470
*Attorneys for Plaintiff*

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Randi P. Vuich

DATE: October 24, 2012

2796932-01