# EXHIBIT G

**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiff

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEUROLOGICAL SURGERY ASSOCIATES, P.A. a/s/o D.O., <br> Plaintiffs(s), <br> v. <br> AETNA LIFE INSURANCE COMPANY; LABORERS LOCAL 754 JOINT BENEFIT FUNDS; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br> Defendant(s), | CIVIL ACTION NO.: 2:12-cv-5600 <br><br> **CIVIL ACTION** <br><br> PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES |

To: Thomas Vecchio, Esq.
Connell Foley, LLP
Liberty View
457 Haddonfield Rd., Ste 230
Cherry Hill, NJ 08002

The *Plaintiff, Neurological Surgery Associates, P.A. a/s/o D.O.* hereby answer the Interrogatories propounded by the *Defendant, Aetna Life Insurance Company and Laborers Local 754 Joint Benefit Funds*, as set forth below. These answers are made without waiver of, and with preservation of:

(1) All questions as to competency, relevancy, materiality, privilege and admissibility of the answers and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including the trial of this action) and in any other action;

(2) The right to object to the use of any such answers or the subject matter thereof, on any ground in any further proceeding of this action (including the trial of this action) and in any other action;

 (3) The right to object on any ground at any time to a demand or request for further answers (including answers to further Interrogatories) to Interrogatories or to any other document request or discovery proceedings involving or relating to the subject matter of this controversy;

 (4) The right at any time to revise, correct, add to, supplement or clarify any of the answers contained herein.

The following answers (and any further answers to the Interrogatories of any party or to their subject matter) are made expressly without acknowledgement of the materiality or relevance of the information requested in the Interrogatories to the Plaintiff or that the questions set forth in the Interrogatories to the Plaintiff are in any way reasonably calculated to lead to the discovery of admissible evidence.

Moreover, in the event that any documents are inadvertently produced which fall within the attorney-client and/or attorney work product privilege, Plaintiff shall not be deemed to have waived its privilege as to any such document or the information contained therein, or their right to the attorney-client or work product privilege as to any other matter which arises during the course of this litigation or any subsequent proceeding.

Please be advised that the any and all reports and/or documents attached hereto do not constitute an adoptive admission on behalf of the Plaintiff, See Skibinski v. Smith, 206 N.J. Super. 349 (App. Div. 1985), Sallo v. Sabitino, 146 N.J . Super. 416 (App. Div. 1976), cert. den. 75 N.J. 24 (1977).

## GENERAL OBJECTIONS

The following grounds for objection are stated below so as to eliminate the need to state them in full where applicable to specific interrogatories. These are not general objections to all of the interrogatories served by Defendant, but rather may be referenced in the response to a particular document request if the objection is being asserted in response to that request.

1. Plaintiff objects to this document request to the extent that it seeks documents which are neither relevant to the subject matter of this litigation, nor reasonably calculated to lead the discovery of admissible evidence.

2. Plaintiff objects to this document request to the extent that it is overly broad, and to the extent that it is unduly burdensome.

3. Plaintiff objects to this document request to the extent that it is vague and ambiguous or fails to identify the documents being requested with reasonable particularity.

4. Plaintiff objects to this document request to the extent that it seeks the disclosure of documents or information protected by the attorney-client privilege and/or the work product doctrine.

5. Plaintiff objects to this document request to the extent that it seeks private personnel documents and/or confidential and proprietary business information.

6. Plaintiff objects to this document request insofar as it attempts to impose obligations in excess of those authorized by the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the District of New Jersey ("Local Rules"). Plaintiffs will respond to Defendant's interrogatories in accordance with the FRCP and the Local Rules, and will not provide responses or documents to the extent that they would exceed the requirements of same.

7. Plaintiff shall not list and privilege log documents containing or consisting of attorney-client privileged communications or work-product documents created after the filing of the Complaint that concerns Plaintiff's response to the Complaint and defense of the lawsuit, because the listing of the dates of communication/creation, the identities of the senders and recipients, and the subject matters of the communication would reveal counsel's strategies and theories and so would constitute intrusion upon information protected by the attorney-client privilege or attorney work-product doctrine.

8. Plaintiff objects to this document request to the extent that it calls for electronically stored information not reasonably accessible because of undue burden and/or cost.

1. John R. Cifelli, M.D., 1054 Clifton Avenue, Clifton, NJ 07013, 973-777-9279.

2. John R. Cifelli, M.D. is the owner of Neurological Surgery Associates. Dr. Cifelli has not given any statements. Plaintiff reserves the right to amend and/or supplement this response.

3. John R. Cifelli, M.D., 1054 Clifton Avenue, Clifton, NJ 07013, 973-777-9279.

   Sarah Bodie, P.A.-C, 1054 Clifton Avenue, Clifton, NJ 07013, 973-777-9279.

4. The Patient for which Plaintiff has an assignment of benefits has an agreement with Aetna for payment of the out of network medical services as detailed in the benefits document(s), the health insurance plan and Summary Plan Description. In addition, there were appeals filed with Aetna and responses to such appeals confirming the written agreement between the Patient and Aetna. Plaintiff reserves the right to amend and/or supplement this response.

5. The Patient for which Plaintiff has an assignment of benefits has an agreement with Aetna for payment of the out of network medical services as detailed in the benefits document(s), the health insurance plan and Summary Plan Description. In addition, there were appeals filed with Aetna and responses to such appeals confirming the written agreement between the Patient and Aetna. Plaintiff reserves the right to amend and/or supplement this response.

6. Plaintiff appealed to Aetna on November 22, 2011 regarding the non-payment of codes 63047-59, 63048-59, and 63030-59 for the primary surgeon. Plaintiff also appealed to Aetna on the non-payment of codes 22612-AS and 20937 for the assistant surgeon for the date of service April 8, 2011. Plaintiff reserves the right to amend and/or supplement this response.

7. All surgical procedure performed were medically necessary as deemed by D.O. treating doctors and Aetna. Additionally, prior authorization was obtained via telephone by Plaintiff's billing department which generated a reference number of 82301466. Plaintiff's billing department spoke with a Christine at Aetna. Aetna sent follow up correspondence to Plaintiff showing approval for procedures to be performed on patient D.O. and deeming such procedures medically necessary. Plaintiff reserves the right to amend and/or supplement this response.

8. The Patient for which Plaintiff has an assignment of benefits has an agreement with Aetna for payment of the out of network medical services as detailed in the benefits document(s), the health insurance plan and Summary Plan Description. Plaintiff reserves the right to amend and/or supplement this response.

9. For the patient D.O., for the date of service 4/8/11, Plaintiff billed as follows:

   CPT code 63047 was billed at $36,423.00;

Massood & Bronsnick, LLC
Attorneys at Law

   CPT code 63048 was billed at $11,813.00;
   CPT code 63030 was billed at $30,123.00;
   CPT code 22630 was billed at $38,622.00;
   CPT code 22851 was billed at $11,360.00;
   CPT code 22840 was billed at $18,175.00;
   CPT code 20936 was billed at $1,877.00;
   CPT code 20930 was billed at $1,519.00;
   CPT code 69990 was billed at $4,000.00;
   CPT code 77002 was billed at $413.00;
   CPT code 38220 was billed at $776.00;
   CPT code 20926 was billed at $2,502.00;
   CPT code 22899 was billed at $2,000.00;
   CPT code 22612 was billed at $38,622.00;
   CPT code 20937 was billed at $2,502.00; and
   CPT code 38230 was billed at $4,408.00.

  See attached exemplar EOBs and Ingenix date for the billed codes relevant in this matter. Plaintiff contends that the "reasonable and customary" rate for the billed codes is determined by what insurance companies have paid for the same billed CPT code. Additionally, the UCR can and is also determined by using the Ingenix database. Ingenix is a nationally accredited database which determines UCR for each CPT code, further breaking down each code specifically to the geographic location for which the code was performed and billed. Plaintiff reserves the right to amend and/or supplement this response.

10. Maria Rodriguez, Billing Specialist, 1054 Clifton Avenue, Clifton, NJ 07013, 973-777-9279.

11. For Ms. Bodie a total amount of $250,030.00 was billed. Aetna paid a total of $7,415.69 for physician Sarah Bodie, PA-C for services rendered to D.O. on April 8, 2011. Additionally, Aetna requested a refund of $5,071.01 of the initial $7,415.69 paid for Ms. Bodie. For surgeon Dr. John Cifelli a total amount of $257,117.00 was billed. Aetna paid a total of $110,214.60. Plaintiff reserves the right to amend and/or supplement this response.

12. Plaintiff submitted bills to Aetna for the date of service April 8, 2011. Plaintiff also submitted an appeal on November 22, 2011 regarding the non-payment of the services rendered to Patient.

13. No such documents, other than identified above.

14. Plaintiff has an Assignment of Benefits for Patient D.O. Plaintiff reserves the right to amend and/or supplement this response.

15. Billing and appeals are done in-house.

Massood & Bronsnick, LLC
Attorneys at Law

16. Plaintiff appealed to Aetna on November 22, 2011 regarding services rendered to patient D.O. for the date of service April 8, 2011. Plaintiff appealed for the lack of payment made on CPT codes 63047-59, 63048-59, 63030-59 for Dr. Cifelli. Plaintiff states that each code is separate and distinct as shown with the 59 modifier. Plaintiff also appealed CPT codes 22612-AS, and 20937-AS for Ms. Bodie. No payments were made on these codes.

17. Plaintiff has not yet retained an expert witness. Plaintiff reserves the right to introduce one at a later date.

18. See attached exemplar EOBs and Ingenix data to support the UCR claim.

Massood & Bronsnick, LLC
Attorneys at Law

## CERTIFICATION

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors of experts are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

_____

Dated: July 3, 2013
w:\wp51\majormed\cifelli\ostrander\response to def. roggs 3.26.13.docx

Massood & Brosnick, LLC
Attorneys at Law

## CERTIFICATION OF ATTORNEY
## PURSUANT TO <u>RULE</u> 1:4-4(c)

Andrew R. Bronsnick, of full age, certifies that the facsimile of the original signature of John R. Cifelli, M.D. annexed to the Interrogatories was acknowledged by the affiant as genuine. I also certify that a copy with an original signature affixed will be filed if requested by the Court or a party.

_____
ANDREW R. BRONSNICK, ESQ.

Dated: July 10, 2013