NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEUROLOGICAL SURGERY ASSOCIATES P.A., | : |
| Plaintiff, | : Civil Action No. 12-5600 (SRC) |
| v. | : OPINION |
| AETNA LIFE INSURANCE COMPANY et al., | : |
| Defendants. | : |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for summary judgment, pursuant to FED. R. CIV. P. 56, by Defendant Aetna Life Insurance Company ("Aetna"). For the reasons set forth below, Defendants' motion will be granted.

**BACKGROUND**

This case arises out of a dispute between Plaintiff, a medical services provider, and Aetna, an insurer, over payment for medical services rendered by Plaintiff to a non-party insured. The Complaint contends that the non-party insured executed an assignment of benefits which confers beneficiary status on Plaintiff under ERISA. The Complaint asserts five claims: 1) violation of ERISA; 2) breach of fiduciary duty under ERISA; 3) breach of contract; 4) promissory estoppel; and 5) negligent misrepresentation. Defendant has moved for summary judgment on all counts in the Complaint.

**LEGAL STANDARD**

I.    **Summary Judgment**

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)).  "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must

establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## **DISCUSSION**

**I.    Defendant's motion for summary judgment**

Defendant moves for summary judgment on the Complaint on three grounds: 1) Plaintiff lacks standing to pursue contract and ERISA claims against Aetna; 2) Plaintiff failed to exhaust administrative remedies; and 3) all state law claims are preempted by ERISA. Because this Court finds that Defendant has shown that it is entitled to judgment as a matter of law that Plaintiff lacks standing to pursue this action, and that the state law claims are preempted by

3

ERISA, the second argument need not be reached.[1]

As to the first point, Aetna contends that the benefit plan at issue contains a provision requiring that coverage may be assigned only with its consent, which it did not give. As such, Aetna contends, because Plaintiff pursues its claims as an assignee under the contract, and because that assignment is invalid under the anti-assignment provision in the contract, Plaintiff lacks standing to pursue these claims.

In opposition, Plaintiff argues that Plaintiff has standing to sue as an ERISA beneficiary, pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff contends that it is thus granted standing under ERISA "regardless of the presence of any anti-assignment provisions." (Pl.'s Opp. Br. 6.) It is certainly true, as Plaintiff contends, that assignee medical services providers often sue for benefits as beneficiaries of ERISA plans and that their standing to sue is often recognized by courts. This does not, however, deal with the argument made by Aetna, that the anti-assignment provision in the contract at issue precludes them from having standing. On this point, Plaintiff argues that, as a federal statute, ERISA preempts the operation of all state law, including the state law of anti-assignment provisions in contracts.

In support, Plaintiff cites only one case, Neuner v. Horizon Blue Cross Blue Shield (In re LymeCare, Inc.), 301 B.R. 662, 682 (Bankr. D.N.J. 2003), which notes, seemingly parenthetically, in a two-sentence footnote, that a previous ruling that an anti-assignment provision was valid and enforceable under New Jersey law would not apply to a medical plan

---

[1] Although this Court need not reach the failure to exhaust argument, the Court notes that it is not satisfied from the evidence of record that there has been an adequate demonstration that a New York rider applied to the Plan provisions.

governed by ERISA. As the sole support for Plaintiff's position, this seems fairly weak.[2]

Although the Third Circuit has not addressed this question, the majority position appears to be contrary to Plaintiff's position. In 2004, the Eleventh Circuit surveyed the cases and concluded:

> Considering this issue, we are persuaded by the reasoning of the majority of federal courts that have concluded that an assignment is ineffectual if the plan contains an unambiguous anti-assignment provision. *See, e.g., City of Hope Nat'l Med. Ctr. v. Healthplus, Inc.*, 156 F.3d 223, 229 (1st Cir. 1998) ("Consistent with the other circuits which have addressed this issue, we hold that ERISA leaves the assignability or non-assignability of health care benefits under ERISA-regulated welfare plans to the negotiations of the contracting parties."); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.,* 49 F.3d 1460, 1464-65 (10th Cir. 1995) ("ERISA's silence on the issue of the assignability of insurance benefits leaves the matter to the agreement of the contracting parties."); *Davidowitz v. Delta Dental Plan of Cal., Inc.*, 946 F.2d 1476, 1478 (9th Cir. 1991) ("As a general rule of law, where the parties' intent is clear, courts will enforce non-assignment provisions.") . . .

Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc., 371 F.3d 1291, 1295 (11th Cir. 2004).

The Eleventh Circuit found the analysis of the Ninth Circuit in Davidowitz especially persuasive. Id. at 1295-96. In short, in Davidowitz, the Ninth Circuit relied on two principles. First, "[t]his Court is unwilling to say that the underlying ERISA policies benefited by assignments outweigh the benefits promoted by [the insurer's] non-assignment structure." Davidowitz, 946 F.2d at 1480. Second:

> Both the Supreme Court and this Court have stated that Congress carefully considered assignment of both pension and welfare plan benefits, and consciously decided to prohibit pension plan assignments but remain silent on welfare

---

[2] Moreover, as observed by Judge Wolfson in Cohen v. Independence Blue Cross, 820 F. Supp. 2d 594, 604 (D.N.J. 2011), none of the ERISA plans at issue in Neuner contained anti-assignment clauses.

>  benefits.  The court cannot agree with Appellees that Congressional silence on welfare benefit assignment shows a Congressional intent to mandate assignability. On the contrary, if Congress had intended this result, it could have said so. Having carefully considered the subject and chose to remain silent, this Court must conclude that Congress intended not to mandate assignability, but intended instead to allow the free marketplace to work out such competitive, cost effective, medical expense reducing structures as might evolve.

Id.  This Court finds this reasoning persuasive.  Moreover, the Ninth Circuit considered the issue of the validity of anti-assignment provisions not to be a matter of state law, but as a matter of federal common law.  Id.  This nullifies Plaintiff's argument that the validity of anti-assignment provisions is a matter of state law which is preempted by ERISA.

Although the Third Circuit has not decided this issue, sister courts in this circuit have agreed with the majority position stated above.  See, e.g., Torpey v. Blue Cross Blue Shield of Tex., 2014 U.S. Dist. LEXIS 11412 (D.N.J. Jan. 30, 2014); N. Jersey Brain & Spine Ctr. v. St. Peter's Univ. Hosp., 2013 U.S. Dist. LEXIS 138040 (D.N.J. Sept. 25, 2013); Cohen v. Independence Blue Cross, 820 F. Supp. 2d 594, 605 (D.N.J. 2011).

This Court concludes that the anti-assignment provision in the benefit plan is valid and enforceable.  The insured's assignment of rights or benefits to Plaintiff is void.  Plaintiff thus lacks standing under ERISA to pursue this action.  Because ERISA preempts duplicative or supplemental state law causes of action, Plaintiff's state law claims are preempted.[3]  Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (U.S. 2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.")

---

[3] Plaintiff's opposition brief does not dispute Defendant's argument that ERISA preemption entitles it to summary judgment on the three claims arising under state law.

On these bases alone, the motion for summary judgment will be granted as to the Complaint in its entirety.  The Court need not reach Defendant's other arguments, but notes that Defendant also succeeds in arguing that its determination under the Plan to deny benefits was neither arbitrary nor capricious.  The burden of proof on this issue rests with Plaintiff, and Plaintiff's opposition brief does not address the matter.  Plaintiff has thus failed to point to any evidence that Aetna's decision to deny benefits was arbitrary or capricious.

## CONCLUSION

Pursuant to Federal Rule of Civil Procedure 56(a), Defendant has shown that Plaintiff lacks standing to pursue this action and that it is therefore entitled to judgment as a matter of law on all claims in the Complaint.  The motion for summary judgment is granted, and Judgment on the Complaint in its entirety is entered in favor of the Defendant.


                                             s/ Stanley R. Chesler
                                             STANLEY R. CHESLER, U.S.D.J.


Dated: June 4, 2014